UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MARIO MORENO, | ) | |
| | ) | |
| Petitioner, | ) | 19 C 6752 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Joseph Mario Moreno, a former Cook County Commissioner, entered an unconditional guilty plea to one count of conspiracy to commit extortion, 18 U.S.C. § 1951(a). *United States v. Moreno*, No. 12 CR 459-1, Dkt. 165 (N.D. Ill. July 1, 2013). He was sentenced on February 24, 2014 to eleven years' imprisonment. *Id*., Dkt. 286. He did not appeal.

In June 2017, Moreno filed a motion to invalidate, vacate, or set aside his guilty plea. *United States v. Moreno*, 17 C 4293, Dkt. 1 (N.D. Ill. June 5, 2017). This court construed Moreno's pleading as a 28 U.S.C. § 2255 motion, denied it on the merits, and declined to issue a certificate of appealability. *Id*., Dkts. 20-21 (Jan. 17, 2018). Moreno appealed, and the Seventh Circuit declined to grant a certificate of appealability. *Id*., Dkt. 31 (Sept. 26, 2018).

On April 22, 2019, Moreno moved the Seventh Circuit for authorization under 28 U.S.C. § 2244(b)(3)(A) to file a second or successive § 2255 motion or, alternatively, for a finding that this court improperly deemed his motion in Case 17 C 4293 to be a § 2255 motion because it did not give him the warning required by *Castro v. United States*, 540 U.S. 375 (2003). *Moreno v. United States*, No. 19-1771, Dkt. 1 (7th Cir. Apr. 22, 2019). The Seventh Circuit agreed with Moreno's second point, holding that he needed no permission to file his contemplated § 2255

1

motion because he had not been given a *Castro* warning in Case 17 C 4293. *Id.*, Dkt. 2 (Apr. 26, 2019) (reproduced at Doc. 3 at 4-5).

Nearly six months later, Moreno filed the present § 2255 motion. Doc. 1. The motion challenges the standard conditions of supervised release imposed as part of his sentence. The Government moves to dismiss, arguing that the § 2255 motion is untimely under 28 U.S.C. § 2255(f). Doc. 7. The Government's motion is granted.

Section 2255(f) imposes a one-year statute of limitations on § 2255 motions, with the limitations period running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Moreno's § 2255 motion is untimely under each subsection.

First, Moreno's § 2255 motion is untimely under subsection (f)(1). Because his judgment and commitment order was entered on February 24, 2014, and he did not file a direct appeal, Moreno's criminal judgment became final fourteen days later, on March 10, 2014. *See* Fed. R. App. P. 4(b). This means that the limitations period under subsection (f)(1) expired one year after that, on March 10, 2015. Moreno did not file his § 2255 motion until more than four years after this deadline, on October 11, 2019. Doc. 1. Even if the court deemed the § 2255 motion's filing date to be the date Moreno filed his § 2244(b)(3)(A) application in the Seventh Circuit,

that did not occur until April 22, 2019, also more than four years after the subsection (f)(1) limitations period expired.

Second, Moreno's § 2255 motion is untimely under subsection (f)(2), as he does not assert any impediment created by government action that prevented him from filing the motion.

Third, Moreno's § 2255 motion is untimely under subsection (f)(3). Because Moreno's filing date is (at the absolute earliest) April 22, 2019, he can invoke subsection (f)(3) only to the extent his motion relies upon a Supreme Court case that was decided on or after April 22, 2018 and that has been made retroactive on collateral review. The only two post-April 22, 2018 Supreme Court decisions invoked by Moreno's motion do not fit the bill. The first is *United States v. Haymond*, 139 S. Ct. 2369 (2019), which addresses whether a judge (as opposed to a jury) may impose a certain imprisonment term for violations of particular supervised release conditions. The second is *Garza v. Idaho*, 139 S. Ct. 738 (2019), which holds that an attorney's failure to file a notice of appeal that the defendant wished to file is presumptively prejudicial. Neither decision has been made retroactive on collateral review, and neither is retroactive on its own accord as a substantive (as opposed to a procedural) rule or as a watershed rule of criminal procedure. *See Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (holding that rules "requiring that a jury rather than a judge find the essential facts bearing on punishment" are "prototypical procedural rules"); *United States v. Salazar*, 784 F. App'x 579, 584 (10th Cir. 2019) (holding that "*Haymond* is not retroactive and does not satisfy section 2255(f)(3)"); *United States v. McGee*, 2019 WL 4248887, at *2 (E.D. Ky. Sept. 6, 2019) (same for *Garza*).

Fourth, Moreno's § 2255 motion is untimely under subsection (f)(4), as he does not assert any newly discovered facts that would restart the one-year limitations period.

Finally, Moreno argues that his § 2255 motion is timely because it incorporates the claims he raised in Case 17 C 4293. Doc. 14. This argument lacks merit. Even if Moreno were given credit for pressing his present claims in Case 17 C 4293, he filed that case in June 2017, over two years after the § 2255(f)(1) limitations period expired, and he does not argue that his present claims would have been timely filed under subsections (f)(2), (f)(3), or (f)(4) had they been pressed in Case 17 C 4293.

Under § 2255 Rule 11(a), "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Moreno must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (same). Moreno has failed to make that showing, so a certificate of appealability is denied.

January 21, 2020

_____
United States District Judge